

**ORDERED in the Southern District of Florida on July 12, 2013.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-17047-AJC |
| FISHER ISLAND INVESTMENTS, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17051-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17061-AJC |
| LITTLE REST TWELVE, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |

**MEMORANDUM OPINION AND ORDER DISMISSING APPEALS AS UNTIMELY**

**THIS MATTER** came before the Court for hearing on June 26, 2013 at 3:00 p.m. (the "**Hearing**") upon the *Motion to Dismiss Appeals as Untimely*[1]  (the "**Motion**") filed by James S. Feltman, the Court-appointed Chapter 11 Examiner (the "**Examiner**").  The Court heard the arguments of counsel on the record at the Hearing, has reviewed the Motion and the Court's dockets in these cases.  For the reasons set forth below, the Court concludes that the Petitioning Creditors' appeals of the Petitioning Creditor Orders and Judgments were not timely filed and must, therefore, be dismissed.

<u>Background</u>

1.    The Petitioning Creditors[2] filed Involuntary Chapter 11 Petitions in the Bankruptcy Court against each of the Alleged Debtors on March 17, 2011.[3]  The filing of the involuntary petitions by the Petitioning Creditors has spawned over two years of contentious litigation between and among the two groups of Alleged Debtors and the Petitioning Creditors.  Given the extreme complexities of these cases and the seriousness of the allegations involved, the Court proposed, and the parties agreed and supported, the appointment of a chapter 11 examiner.  The Court, therefore, directed the appointment of an examiner and the United States Trustee, after consultation with counsel for both groups of Alleged Debtors and counsel for the Petitioning Creditors, appointed James. S. Feltman as Examiner.

2.    In accordance with the Court's directives, the Examiner and his professionals, among other things, investigated and examined certain matters relating to ownership and financial affairs of the Alleged Debtors, including the claims of the Petitioning Creditors.  The

---

[1] FII ECF No. 806; MBOF ECF No. 707; LR12 ECF No.724.

[2] 19 SHC, Corp, 601/1700 NBC LLC, Solby+Westbrae Partners, Ajna Brands, Inc., Axafina, Inc., and Oxana Adler LLM (collectively, the "**Petitioning Creditors**").

[3] FII ECF No. 1; MBOF ECF No. 1; LR12 ECF No. 1.

Examiner set forth his findings and conclusions in a Report of Examiner that was filed with the Court more than *18 months ago*. Although the Court has allowed the fees and expenses of the Examiner and his professionals, the Examiner and his professionals have been compensated for only approximately 33.3% of the allowed fees and expenses.

3.    On October 5, 2012, after notice and a hearing, the Court entered an *Order Directing Payment of Fees and Expenses of Examiner and Examiner's Professionals* (the "**Fee Order**"),[4] which directed that on or before November 1, 2012 (i) the Redmond Alleged Debtors, jointly and severally, pay to Greenberg Traurig's trust account the sum of $113,917.01;[5] (ii) the Zeltser Alleged Debtors, jointly and severally, pay to Greenberg Traurig's trust account the sum of $363,917.01; and (iii) the Petitioning Creditors, jointly and severally, pay to Greenberg Traurig's trust account the sum of $363,917.01. Neither the Petitioning Creditors nor the Zeltser Alleged Debtors have complied with the Fee Order.

4.    The Fee Order is a "final" order from which an appeal may be taken. On October 15, 2012, the Petitioning Creditors filed Notices of Appeal of the Fee Order (the "**Fee Order Appeal**").[6] The Fee Order has not been stayed pending appeal[7] and the appeal has been fully briefed before the District Court.

---

[4] FII ECF No. 664; MBOF ECF No. 484; LR12 ECF No.593.

[5] The Redmond Alleged Debtors had already contributed $250,000 towards the fees and expenses of the Examiner and his professionals, thus resulting in the lower amount directed to be paid by the Redmond Alleged Debtors.

[6] *See* FII ECF Nos. 666, 668 and 670; MBOF ECF Nos. 490, 492 and 494; LR12 ECF Nos. 595, 597 and 599.

[7] While one of the Petitioning Creditors, Oxana Adler, sought the entry of a stay pending appeal of the Fee Order by filing a *Motion for Relief from Order Directing Payment of Fees and Expenses of Examiner and Examiner's Professionals and for a Stay of Enforcement* [FII ECF No. 745; MBOF ECF No. 589; LR12 ECF No. 672], that motion was filed 6 months after the entry of the Fee Order and was denied [FII ECF No. 757; MBOF ECF No. 612; LR12 ECF No. 684].

5.      As a result of the Petitioning Creditors' (and the Zeltser Alleged Debtors') continued failure to comply with the terms of the Fee Order, the Examiner filed a *Motion for Order to Show Cause Why Final Judgment and Sanctions Should Not be Entered*.[8]  After notice and a hearing at which the Petitioning Creditors actively participated, on March 8, 2013 the Court entered an *Order Directing Petitioning Creditors and Zeltser Alleged Debtors to Show Cause Why Final Judgment and Sanctions Should Not be Entered Against Them*.[9]

6.      The Court conducted the show cause hearing on March 12, 2013.  The Petitioning Creditors actively participated in the show cause hearing.  On May 15, 2013, the Court issued, among others, the following orders and final judgments in connection with the Show Cause Motion:

    a)      *Memorandum Opinion and Order Entering Final Judgment Against Each of the Petitioning Creditors, Jointly and Severally*. [10]

    b)      *Final Judgment against the Petitioning Creditors*.[11]

(collectively, the "**Petitioning Creditor Orders and Judgments**").[12]  The Petitioning Creditor Orders and Judgments were entered on the Court's docket the same day they were issued.

7.      The Petitioning Creditors filed Notices of Appeal of the Petitioning Creditor Orders and Judgments on June 11, 2013[13] (the "**Notices of Appeal**") – *27 days* after their entry

---

[8] FII ECF No. 701; MBOF ECF No. 537; LR12 ECF No. 628 (the "**Show Cause Motion**").

[9] FII ECF No. 746; MBOF ECF No. 591; LR12 ECF No. 673.

[10] FII ECF No. 770; MBOF ECF No. 672.

[11] FII ECF No. 768; MBOF ECF No. 673;  LR12 ECF No. 699.

[12] The Court issued similar orders and judgments against each of the Zeltser Alleged Debtors (the "**Zeltser Orders and Judgments**") on the same date as entry of the Petitioning Creditor Orders and Final Judgments.  The Zeltser Orders and Judgments were also "final" orders from which an appeal may be taken.

[13] FII ECF No. 797; MBOF ECF No. 697;  LR12 ECF No. 714.

and *13 days* after the appeal deadline.  A review of the dockets in these three cases reveals that the Notices of Appeal are the first and only appeals of the Petitioning Creditor Orders and Judgments.  Additionally, no motion has been filed under Bankruptcy Rules 7052, 9023 or 9024.[14]  The Notices of Appeal were, therefore, filed thirteen days after the jurisdictional deadline.

### Conclusions of Law

**A.     The Notices of Appeal Were Not Timely Filed.**

8.     The Petitioning Creditor Orders and Judgments are final orders from which an appeal may be taken.  *See* Bankruptcy Rules 8001(a) and 9001(7); *Memorandum Opinion*, at ¶7-8.

9.     Bankruptcy Rule 8002 governs the time for filing notices of appeal.  Rule 8002(a) requires that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  *In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000).  The 14–day period "begins to run after the entry of the order and includes intermediate weekends and legal holidays.... The last day of the period is also included unless it is a weekend or a legal holiday."  *In re Dow Corning Corp.*, 255 B.R. 445, 465–66 (E.D. Mich. 2000) (citing to Rule 9006(a)); *see also Williams*, 216 F.3d at 1296, fn. 3; Bankruptcy Rule 9006(a)(1).

10.     The Petitioning Creditor Orders and Judgments were entered on May 15, 2013.  The last day to file notices of appeal was, therefore, May 29, 2013, absent an appeal of the *same* order or the filing of a motion under Bankruptcy Rules 7052, 9023 or 9024.  There has been no

---

[14] The Zeltser Alleged Debtors timely appealed the Zeltser Orders and Judgments, but did not appeal the Petitioning Creditor Orders and Judgments.  As discussed below, the appeal of the Zeltser Orders and Judgments has no bearing on the appeal of the Petitioning Creditor Order and Judgments.

other appeal of the Petitioning Creditor Orders and Judgments, nor was any motion filed under Bankruptcy Rules 7052, 9023 or 9024.[15]  The Petitioning Creditors' Notices of Appeal were filed on June 11, 2013 – *27 days* after entry of the Petitioning Creditor Orders and Judgments.

**B.      The Petitioning Creditors' Arguments Lack Merit**

11.      The Petitioning Creditors argued at the Hearing that, under Bankruptcy Rule 8002(a), their October 2012 appeal of the Fee Order (approximately 7 months before entry of the Petitioning Creditor Orders and Judgments) somehow constitutes a timely appeal of the Petitioning Creditor Orders and Judgments.  The Petitioning Creditors' argument, however, is belied by a plain reading of the Bankruptcy Rule 8002(a), common sense and the Petitioning Creditors' decision to file the Notices of Appeal.

12.      The Petitioning Creditors rely on the following portion of Bankruptcy Rule 8002(a) in an effort to have their Notices of Appeal deemed timely: "…A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof…"  The Petitioning Creditors suggest that because the Final Judgments *relate* to the Fee Order, the notices of appeal filed in connection with the Fee Order should be treated as an appeal timely filed after the entry of the Petitioning Creditor Orders and Judgments.  This strained reading of Rule 8002 would lead to the conclusion that if a final appealable order *relates* to an order from which an appeal has already been filed, there is no deadline to file an appeal of that later order.

---

[15]  The Zeltser Alleged Debtors' timely appeal of the Zeltser Judgments and Orders does not extend the 14-day jurisdictional deadline for the Petitioning Creditor Orders and Judgments because the Zeltser Notice of Appeal is not an appeal of the same order.  As one District Court noted "[w]hen Rule 8002(a) is read in context and as a whole it is manifest that another party's appeal of an order extends the time for a different party filing an appeal *of the same order.*"  *See Hewlett v. Elder*, 2008 WL 361194 (N.D. Cal. Feb. 11, 2008) (emphasis in original).  Because the Zeltser Alleged Debtors did not appeal "the same order," their Notices of Appeal cannot serve as a basis to extend the jurisdictional deadline under Bankruptcy Rule 8002(a) for the Petitioning Creditor Orders and Judgments.

13.    The United States Supreme Court, in *FirstTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269 (1991), addressed an almost identical rule of appellate procedure.[16]  In that case, the lower court ruled from the bench that it intended to grant summary judgment in favor of one of the litigants, but before it entered judgment in favor of that party the opposing party filed a notice of appeal.  *Id generally*.  The Supreme Court held that the lower court's oral ruling on summary judgment was a "decision" as contemplated by the Federal Rules of Appellate Procedure and that the premature notice of appeal filed after the decision, but shortly before the entry of judgment, was thus a timely appeal of the subsequently entered judgment.  *Id*; *see also In re C.R. Davidson Co., Inc.*, 232 B.R. 549 (B.A.P. 2d Cir. 1999) (notice of appeal filed after entry of memorandum denying relief, but before entry of denial order, was deemed timely) (Lifland, J.).

14.    The relevant provision of Bankruptcy Rule 8002(a) is thus intended to protect a litigant who files a premature notice of appeal upon the issuance of a bench ruling, but before the entry of a judgment or order on that ruling.  *See id.* at 275-276.  Courts have noted that a premature notice of appeal is valid when "[a]ll that remained was the clerk's ministerial task of entering a Rule 58 judgment."  *American Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 813 (5th Cir.1993).  Here, the Petitioning Creditors are not "unskilled litigants" and the Court's entry of the Final Judgments was not a "ministerial task" that followed the Fee Order.  The Court

---

[16] The Supreme Court addressed Fed. R. App. P. 4(a)(2), which is almost identical to and serves as the basis upon which Bankruptcy Rule 8002(a) is modeled.  *See In re Joseph Inv. Grp., L.L.C.*, 2005 WL 2010205, *2 (E.D. Mich. Aug. 16, 2005) ("Federal Rule of Bankruptcy Procedure 8002(a) was modeled after and conforms substantially to the Federal Rule of Appellate Procedure 4(a), both of which govern the time and procedure for the taking of an appeal."); *In re Maui Indus. Loan & Fin. Co.*, 2011 WL 6012039 (D. Haw. Nov. 30, 2011) ("Bankruptcy Rule 8002 was designed to conform with Federal Rule of Appellate Procedure 4(a)(2), and as such, the two rules are construed consistently.").

entered the Petitioning Creditor Orders and Judgments *7 months* after the Fee Order, after several hearings, after considerable contemplation by this Court regarding the relief requested by the Examiner and only after the Examiner prevailed on multiple motions opposed by the Petitioning Creditors.

15.    Additionally, the Fee Order is itself a "judgment" (as defined in Bankruptcy Rule 9002(5)) rather than a "decision" as was at issue in *FirstTier Mortgage*.  This Court already has determined that the Fee Order was a final order that constituted a judgment of this Court. *Memorandum Opinion*, at ¶7-8 ("'final order' of a bankruptcy court 'constitutes a 'judgment' within the meaning of Rule 54 of the Federal Rules of Civil Procedure and Rule 9001(7) of the Federal Rules of Bankruptcy Procedure.'" (citations omitted)).  As an appealable final order, the Petitioning Creditors timely appealed the Fee Order on October 15, 2012.  The Court, after further notice and hearing and 7 months later, then entered the "Petitioning Creditor Orders and Judgments" – separate final judgments that are subject to appeal on independent bases under Bankruptcy Rule 8001.  Accordingly, the Fee Order Appeal does not relate forward to the Petitioning Creditor Orders and Judgments and, in any event, the Notices of Appeal are not timely as to the Petitioning Creditor Orders and Judgments.

16.    The arguments raised (and those that were not raised) by the Petitioning Creditors at the Hearing are also telling.  The Petitioning Creditors did not argue that their appeal of the Fee Order was "premature," but should nonetheless be preserved under Rule 8002(a).  The Petitioning Creditors instead asserted that they timely appealed the Fee Order.  At no time did the Petitioning Creditors suggest to this Court or the District Court that their appeal of the Fee Order might be premature in light of the potential for the entry of a separate final judgment.

17.     The "relate forward" provision of Bankruptcy Rule 8002(a) does not apply in this instance.   Accordingly, this Court must dismiss the Petitioning Creditors' appeals of the Petitioning Creditor Orders and Judgments.

**C.     The District Court Lacks Jurisdiction Over Untimely Appeals.**

18.     The untimely filing of a notice of appeal deprives the District Court of jurisdiction to review this Court's order.  *In re Mouradick*, 13 F.3d 326, 327 (9th Cir.1994).  Rule 8002 is jurisdictional, and failure to timely comply requires an appeal to be dismissed.  *In re Belcher*, 293 B.R. 265, 267 (Bankr. N.D. Ga. 2001); *Dow Corning*, 255 B.R. at 465 (citing to *Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.)*, 684 F.2d 410, 412 (6th Cir.1982)).  "This rule is always strictly construed and requires exact compliance."  *In re McDonald*, 2004 WL 2931371 (Bankr. M.D. Fla. Oct. 22, 2004) (citing *Dow Corning*, 255 B.R. at 465).  The Petitioning Creditors' failure to appeal the Petitioning Creditor Orders and Final Judgments within the 14-day jurisdictional deadline is fatal and requires immediate dismissal of the appeal.  *See Saunders v. Band Plus Mortgage Corp.*, 31 F.3d 767 (9th Cir. 1994) (dismissing as untimely appeal filed only 2 days after expiration of Rule 8002 deadline).

For all of the foregoing reasons, it is

ORDERED that the Notices of Appeal filed by the Petitioning Creditors fail to comply with the requirements of Bankruptcy Rule 8002(a) and are, therefore, dismissed.

###

Submitted By:
Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone:  (305) 579-0500
Facsimile:   (305) 579-0717
E-mail:  newmanar@gtlaw.com

*(Attorney Newman shall mail a conformed copy of this Memorandum Opinion and Order upon all interested parties and shall file a certificate of service)*